**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 09-64 (BAH) |
| v. | |
| FRASER VERRUSIO, | Chief Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM AND ORDER

The D.C. Circuit has remanded this case "for the District Court to specify the issue or issues for appeal," Order, dated Aug. 29, 2018 ("D.C. Cir. Order") at 3, ECF No. 190 (internal quotation marks and alterations omitted), in response to the defendant's Application for a Certificate of Appealability ("Def.'s Appl."), ECF No. 188, with respect to his Motion to Vacate, Set Aside, and Correct Sentence Pursuant to 28 U.S.C. § 2255, or in the Alternative, Petition for a Writ of *Coram Nobis* ("Def.'s Mot."), ECF No. 162. The defendant contends that he is entitled to a certificate of appealability because "reasonable jurists could debate whether Mr. Verrusio's constitutional rights have been violated" and "could conclude that, in the 28 years since the U.S. Supreme Court decided *Maleng v. Cook*, 490 U.S. 488 (1989), societal developments warrant a re-examination as to what restraints on a person's liberty rise to the level of 'in custody.'" Def.'s Appl. at 3. For the reasons set forth below, the defendant's Application is granted.

The factual background of this case has been fully summarized in several prior decisions, *see generally United States v. Verrusio* ("*Verrusio I*"), 762 F.3d 1 (D.C. Cir. 2014); *United States v. Verrusio* ("*Verrusio II*"), No. 09-cr-64, 2017 WL 1437055 (D.D.C. Apr. 21, 2017); *United States v. Verrusio* ("*Verrusio III*"), No. 09-cr-64, 2017 WL 2634638 (D.D.C. June 19, 2017), and, thus, only those facts necessary for resolving the instant motion are provided herein.

In 2011, the defendant, a policy director for the Committee on Transportation and Infrastructure of the U.S. House of Representatives, *Verrusio I*, 762 F.3d at 6, was convicted by a jury on three separate counts: (1) conspiracy to receive an illegal gratuity, in violation of 18 U.S.C. § 371; (2) receipt of an illegal gratuity, in violation of 18 U.S.C. § 201(c); and (3) making a false statement, in violation of 18 U.S.C. § 1001(a), Judgment at 1–2, ECF No. 139.  The charges arose from the defendant's acceptance of numerous gifts from lobbyists associated with Jack Abramoff, including an overnight trip to the 2003 World Series.  *Verrusio I*, 762 F.3d at 6–7. The defendant was sentenced to a total of one day of incarceration and two years of supervised release.  *See* Minute Entry (Aug. 5, 2011).  The defendant's conviction and sentence were affirmed by the D.C. Circuit on August 12, 2014, *see Verrusio I*, 762 F.3d at 24, by which time the defendant had completed all aspects of his sentence, Def.'s Appl. at 1.

Two days after the Supreme Court's decision in *McDonnell v. United States*, 136 S. Ct. 2355 (2016), on June 27, 2016, and within a year of the denial of a petition for *certiorari* in his own appeal, the defendant moved to vacate, set aside, and correct his sentence pursuant to 28 U.S.C. § 2255, and, in the alternative, petitioned this Court for a writ of error *coram nobis*. Def.'s Mot. at 1.  The defendant argued that *McDonnell* narrowed the definition of "official act" under 18 U.S.C. § 201(a) such that the defendant's conduct falls outside the ambit of that statute. *Id.* at 12–19.  This Court denied the defendant's motion on April 21, 2017, given the "clear Supreme Court and D.C. Circuit precedent holding that after a defendant serves his sentence, he is no longer 'in custody' and a court may not grant a *habeas* petition brought under § 2255." *Verrusio II*, 2017 WL 1437055, at *7 (citing *Maleng*, 490 U.S. at 491–92; *Aamer v. Obama*, 742 F.3d 1023, 1032 (D.C. Cir. 2014)).  The defendant's petition for a writ of error *coram nobis* was also denied, because "the defendant cannot show that a favorable decision would eliminate the

civil disabilities stemming from his felony convictions" and thus "lacks standing to pursue his petition." *Id.* at *11.  The defendant's motion for reconsideration, which addressed only the denial of his *coram nobis* petition, was denied for substantially the same reasons.  *See Verrusio III*, 2017 WL 2634638, at *3–9.

On August 16, 2017, the defendant appealed the denial of his *habeas corpus* and *coram nobis* petitions.  *See* Notice of Appeal, ECF No. 185.  The D.C. Circuit held the defendant's appeal in abeyance pending the issuance of a certificate of appealability by this Court.  *See* Clerk's Order, *United States v. Verrusio*, No. 17-3064 (D.C. Cir. filed Aug. 23, 2017).  On September 8, 2017, the defendant filed an Application for a Certificate of Appealability, which was granted the same day.  *See* Minute Order (dated September 8, 2017).  The D.C. Circuit then remanded the case to this Court for "specif[ication] [of] the issue or issues for appeal."  D.C. Cir. Order at 3 (internal quotation marks omitted).  This Memorandum provides such specification.

Regarding the defendant's petition for a writ of *habeas corpus*, reasonable jurists would debate whether the defendant is currently "in custody" such that he may collaterally attack his sentence.  The defendant asserts that, due to his felony conviction, he "continues to suffer punishment at the hands of the government," Def.'s Appl. at 2, through the "restrict[ion] [on] his right to bear arms under the Second Amendment," the "limitations on [his] right to vote," and the "impact on where Mr. Verrusio can serve on a jury" and "on what other countries he can visit," Def.'s Mot. at 12, 27–28.  Although the Supreme Court concluded, over thirty years ago, that a defendant "does not" remain in custody "where a habeas petitioner suffers no present restraint from a conviction," *Maleng*, 490 U.S. at 492, reasonable jurists could disagree on the questions raised in the defendant's Application.  Notably, judges have begun to call the *Maleng* rule into question, *see, e.g.*, *Wilson v. Flaherty*, 689 F.3d 332, 343 (4th Cir. 2012) (Wynn, J., dissenting)

(noting that recent Supreme Court decisions "strongly suggest that there are instances in which a fully served sentence may be collaterally challenged through a writ of habeas corpus"), and courts across the country routinely have issued certificates of appealability to determine whether a *habeas* petitioner has satisfied the "in custody" requirement.  *See, e.g.*, *Triestman v. Schneiderman*, 715 F. App'x 97 (Mem.) (2d Cir. 2018) (acknowledging that the Second Circuit had granted a certificate of appealability on the issue of whether a child custody stay-away order rendered the defendant "in custody"); *Wilson v. Flaherty*, No. 10-cv-536, 2011 WL 2471207, at *4–5 (E.D. Va. June 20, 2011) (granting a certificate of appealability on the question whether a sex-offender registration requirement amounted to "custody"); *McCormick v. Kline*, 572 F.3d 841, 844 (10th Cir. 2009); *Ogunwomoju v. United States*, 512 F.3d 69, 71 n.2 (2d Cir. 2008); *Resendiz v. Kovensky*, 416 F.3d 952, 955 (9th Cir. 2005); *Wilson v. Straub*, 27 F. App'x 454, 454–55 (6th Cir. 2001).  As the defendant points out, academic commentators likewise have noted the "severity of collateral consequences in the criminal context."  Def.'s Appl. at 7 (quoting J. Clay Douglas, *The "Innocence and Redressability" Exception: A Fair Alternative to Habeas Jurisprudence's Direct versus Collateral Consequence Dichotomy*, 92 N.C. L. REV. 690, 699 (2014)); *see also generally* Ruth A. Moyer, *Avoiding "Magic Mirrors"—a Post-*Padilla *Congressional Solution to the 28 U.S.C. § 2254 "Custody" and "Collateral" Sanctions Dilemma*, 67 N.Y.U. ANN. SURV. AM. L. 753 (2012); Garrett Ordower, Comment, *Gone, but Not Forgotten?  Habeas Corpus for Necessary Predicate Offenses*, 76 U. CHI. L. REV. 1837 (2009).  Accordingly, reasonable jurists would, and indeed, do, debate whether the defendant is currently "in custody."

Moreover, given the legitimate grounds presented in the defendant's application that, after *McDonnell*, "reasonable jurists could debate whether his constitutional claims have merit,"

Def.'s Appl. at 6, the defendant's motion for a certificate of appealability regarding his constitutional claims under the Fifth and Sixth Amendments is likewise granted.  Specifically, the defendant contends that the indictment in this case "fail[ed] to contain the elements of the offense charged as required by the Grand Jury Clause of the Fifth Amendment," *id.* at 4 (internal quotation marks and alteration omitted), and that "the fact that Mr. Verrusio had to defend against allegations of conduct that *McDonnell* makes clear do not constitute official acts . . . violated his right to a fair and impartial trial under the Sixth Amendment," *id.*  The defendant "has argued for years" that the five official acts charged in the relevant indictment "do not constitute official action, and he was finally vindicated" in *McDonnell*, when the Supreme Court held that "hosting an event, meeting with other officials, or speaking with interested parties is not, standing alone a 'decision or action' within the meaning of § 201(a)(3)." *Id.* (quoting *McDonnell*, 136 S. Ct. at 2370).  In addition, reasonable jurists would debate whether any reversal of the defendant's convictions for conspiracy to receive an illegal gratuity and receipt of an illegal gratuity would also require the reversal of his conviction for making a false statement. *See id.* at 6 n.1.  Although this argument was unsuccessful in the defendant's motion for reconsideration, reasonable jurists could debate whether evidence about the World Series trip would have been admissible in a trial on the false statement charge.

Finally, regarding the defendant's petition for a writ of error *coram nobis*, the D.C. Circuit has not confronted the question whether a *coram nobis* appeal requires a certificate of appealability and declined to answer that question in its August 29, 2018, remand order in this case.  *See* D.C. Cir. Order at 3.  The majority of the courts of appeals to address this question have concluded that no certificate of appealability is necessary to appeal the denial of a *coram nobis* petition.  *See, e.g.*, *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) (reviewing

district court's denial of *coram nobis* petition without a certificate of appealability); *United States v. Few*, 372 F. App'x 564, 565 (5th Cir. 2010); *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005); *United States v. Torres*, 282 F.3d 1241, 1247 n.9 (10th Cir. 2002); *United States v. Baptiste*, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam); *but see Baranski v. United States*, 880 F.3d 951, 956 (8th Cir. 2018) (noting that *coram nobis* petitions filed by individuals who are no longer in custody are "subject to the restrictions on second or successive § 2255 motions").  That body of law is persuasive, and therefore, the defendant need not obtain a certificate of appealability to proceed with his appeal of the denial of his *coram nobis* petition.[1] Accordingly, upon consideration of the defendant's application and the entire record herein, it is hereby

   **ORDERED** that the defendant Fraser Verrusio's Application for a Certificate of Appealability is GRANTED.

   **SO ORDERED.**

   Date: September 11, 2018

          _____
          BERYL A. HOWELL
          Chief Judge

---

[1] Even if the defendant were required to obtain a certificate of appealability before seeking review of the denial of his *coram nobis* petition, for the same reasons discussed above, the defendant has shown that reasonable jurists would debate whether he has standing to petition for a writ of error *coram nobis* and is entitled to that relief such that a certificate of appealability would be warranted.